UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLISON VEDROS      CIVIL ACTION

VERSUS      No. 20-438

FAIRWAY MEDICAL CENTER, L.L.C.      SECTION I

## ORDER & REASONS

Before the Court is defendant Fairway Medical Center, L.L.C.'s ("Avala Hospital" or "Avala") partial motion[1] to dismiss plaintiff Allison Vedros's ("Vedros") complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Avala seeks dismissal of Vedros's request for injunctive relief and her third cause of action.[2] For the following reasons, the motion is granted.

### I.

This cases arises from Vedros's claims against Avala for pregnancy discrimination, employment discrimination, violations of the Fair Labor Standards Act ("FLSA"), and retaliation.[3] Accepting all of the factual assertions in Vedros's complaint as true, they are as follows: Vedros, a registered nurse, began working in the operating room unit of Avala Hospital in April 2017.[4] Vedros took maternity leave in May 2018, and she was cleared by her doctor to return to work on August 7, 2018.[5] On August 15, 2018, Vedros informed Avala that, upon her return, she would need

---

[1] R. Doc. No. 7.
[2] *See id*.
[3] *See* R. Doc. No. 1.
[4] R. Doc. No. 1, at 1 ¶ 5.
[5] *Id*. at 2–3 ¶¶ 17, 19–20.

breaks to pump breastmilk every three hours, or twice per shift.[6] A charge nurse at Avala, Rhonda Lindbloom ("Lindbloom"), stated that she was "concerned" about this request and that Avala does not "typically have someone available to accommodate that."[7]

On August 21, 2018, Vedros contacted Nadine Dupaquier ("Dupaquier"), Avala's operating room director, and expressed her concerns about Avala's failure to offer her any shifts and Lindbloom's response to her request for an accommodation to express breastmilk.[8] Vedros informed Dupaquier that she only needed to pump every three hours for about ten minutes, that is, twice per shift, and she stated that Avala's refusal to offer her any accommodation was "super discriminating."[9]

Avala did not respond to Vedros's request for an accommodation or her request to discuss the situation with the Human Resources department.[10] On October 25, 2018, Vedros received a separation notice from Avala stating that Vedros had "resigned" from her employment with Avala.[11]

Vedros timely filed a charge against Avala with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on January 23, 2020.[12] After the EEOC charge was filed, Avala sent Vedros a letter purportedly

---

[6] *Id.* at 3 ¶¶ 24–25.
[7] *Id.* at 4 ¶ 27.
[8] *Id.* at 4 ¶ 28.
[9] *Id.*
[10] *Id.* at 4–5 ¶¶ 30–32, 34–35.
[11] *Id.* at 4–5 ¶ 33.
[12] *Id.* at 2 ¶ 15.

offering her reinstatement.[13] The letter did not address any potential accommodations for Vedros to express breastmilk.[14] Vedros initiated suit on February 7, 2020.[15] Avala filed the instant motion on March 23, 2020, which Vedros opposes.[16]

## II.

### A.

Vedros seeks injunctive relief in connection with her claims. Article III of the U.S. Constitution limits federal jurisdiction to justiciable "Cases" and "Controversies." *Three Expo Events, L.L.C. v. City of Dallas, Tex.*, 907 F.3d 333, 340 (5th Cir. 2018). A plaintiff must have standing to meet the "case-or-controversy" requirement. *McCardell v. U.S. Dept. of Housing and Urban Development*, 794 F.3d 510, 516–17 (5th Cir. 2015). Without standing, a plaintiff's claim may not proceed. *N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010).

If a plaintiff lacks Article III standing to pursue injunctive relief, the court must dismiss the request pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019); *Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009). "When a Rule 12(b)(1) challenge is raised alongside other Rule 12 challenges, the court should address the Rule 12(b)(1) issues before reaching the merits." *Karbhari*, 774 F. App'x at 182.

---

[13] *Id.* at 5 ¶ 38.
[14] *Id.*
[15] *See* R. Doc. No. 1.
[16] *See* R. Doc. Nos. 7 & 14.

The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiff must show that the facts alleged, if proved, would confer standing upon her. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998). Additionally, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Article III standing is established when a plaintiff has an injury that is: "(1) concrete, particularized, and actual or imminent ([a] so-called injury 'in fact'); (2) fairly traceable to the challenged action; and (3) redressable by a favorable ruling." *McCardell*, 794 F.3d at 517 (citing *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury." *Frame v. City of Arlington,* 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal quotation marks and citations omitted). "In order to obtain an injunction, a plaintiff must demonstrate that she 'face[s] a realistic threat' of the defendant's policy harming her in the future." *Gilbert v. Donahoe*, 751 F.3d 303, 313 (5th Cir. 2014) (quoting *Friends of the Earth*, 528 U.S. at 185.

As the Fifth Circuit has explained:

> In *City of Los Angeles v. Lyons*, the [Supreme] Court held that a claim for injunctive relief must have its own Article III footing, separate from

> the past injury that supports claims for retrospective relief. 461 U.S. at 101–10. Blending demands of equity and Article III, *Lyons* held that to obtain injunctive relief, the plaintiff must "establish a real and immediate threat that [s]he w[ill] again" suffer similar injury in the future. *Id*. at 105. Absent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction.

*In re Stewart*, 647 F.3d 553, 556–57 (5th Cir. 2011).

### B.

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).

A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Furthermore, "the

Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, 08-5096, 2011 WL 4352299, at *3 (E.D. La. Sept. 6, 2011) (Vance, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

### III.

### A.

Vedros's complaint prays for a judgment that includes, in part, "injunctive or equitable relief as provided by law."[17] Avala argues that the Court must dismiss the request for injunctive relief pursuant to Rule 12(b)(1) because Vedros lacks Article III standing.[18] Alternatively, Avala argues, the Court must dismiss Vedros's request for injunctive relief with respect to her FLSA claim, pursuant to Rule 12(b)(6).[19]

### i.

Avala contends that Vedros lacks Article III standing to seek injunctive relief because she admits in the complaint that she was separated from her employment with Avala on October 25, 2018; there are no allegations in the complaint of ongoing or present violations of law by Avala against Vedros; and Vedros does not seek

---

[17] R. Doc. No. 1, at 9.
[18] R. Doc. No. 7, at 3–4.
[19] *Id*. at 4–6.

6

reinstatement.[20] Accordingly, Avala argues, Vedros cannot meet her burden of demonstrating a threat of future injury.[21]

Vedros argues in response that the reason she is not currently employed by Avala and, consequently, the reason she allegedly does not have standing, is because Avala refused her request for a statutorily mandated accommodation and chose instead to terminate her employment.[22] Therefore, Vedros reasons, refusing to grant injunctive relief would "reward Avala for its unlawful acts" and create perverse incentives for employers, who "may continue [their] unlawful practices so long as [they] fire[] everyone who complains."[23] Vedros contends that injunctive relief is justified because Avala's alleged violations of law were "continuing and repeated, as [she] asked for an accommodation several times and was met with refusals, silence, and ultimate[ly] termination."[24]

Vedros also asserts that her claim for injunctive relief falls within an exception to the standing doctrine for cases in which the unlawful action is "capable of repetition yet evading review."[25] According to Vedros, she concluded breastfeeding before the EEOC process of this case was completed and, consequently, "[i]t is highly unlikely that any Avala employee who sought to breastfeed would still be breastfeeding throughout the entire time that the employee completed the EEOC

---

[20] R. Doc. No. 7-1, at 4.
[21] *Id.*
[22] R. Doc. No. 14, at 9.
[23] *Id.* at 10.
[24] *Id.* at 9.
[25] *Id.*

process, filed suit, went to trial, and defended an appeal."[26] Therefore, Vedros contends, "the only realistic avenue for redress is . . . through this suit," and the Court should permit Vedros to seek injunctive relief.[27]

### *ii.*

The Court agrees with Avala that Vedros lacks Article III standing to seek injunctive relief. Vedros fails to include in her complaint the specific injunctive or equitable relief sought, but she generally asserts in response to Avala's motion that such relief is necessary because "[i]t is highly unlikely that any Avala employee who sought to breastfeed would still be breastfeeding throughout the entire time that the employee completed the EEOC process, filed suit, went to trial, and defended an appeal."[28] Vedros cannot establish Article III standing based upon future injuries that *other* Avala employees may suffer, as she must demonstrate a real and immediate threat that *she* will again suffer similar injury in the future. *See Lyons*, 461 U.S. at 105; *James v. City of Dallas, Tex.*, 254 F.3d 551, 564–65 (5th Cir. 2001) (portions abrogated on other grounds by *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839–41 (5th Cir. 2012)) (finding that the plaintiffs did not have standing to seek injunctive relief that only prevented future injuries to other individuals and not to themselves).

Vedros fails to "demonstrate that she faces a realistic threat of [Avala's] policy harming her in the future[,]" as she has not worked for Avala since at least October

---

[26] *Id.*
[27] *Id.* at 10–11.
[28] *Id.* at 10.

8

25, 2018 and she does not seek reinstatement.[29] *See Gilbert*, 751 F.3d at 313 (holding that the plaintiff's retirement destroyed her standing to bring claims for injunctive relief because she did not face a realistic threat that the defendant's employees would continue to violate her rights under the FMLA);[30] *Muslow v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. 19-11793, 2020 WL 1864876, at *11 (E.D. La. Apr. 14, 2020) (Ashe, J.) (holding that because the plaintiffs were terminated and their positions with the defendant no longer existed, they lacked standing to obtain injunctive relief).

Avala's alleged "continuing and repeated" violations of law in the past "do[] not in [themselves] show a present case or controversy regarding injunctive relief." *See Bauer*, 341 F.3d at 358. Furthermore, contrary to Vedros's assertion, holding that she lacks standing to seek injunctive relief does not reward Avala for Vedros's allegedly unlawful termination or create perverse incentives for employers; Vedros has several avenues by which she may pursue a remedy against Avala, as her complaint, alleging several causes of action and seeking various forms of relief, exemplifies.[31]

---

[29] *See* R. Doc. No. 1, at 4–5 ¶ 33. Vedros did not accept Avala's offer of reinstatement or indicate that she would have accepted the offer had it delineated possible accommodations for breastfeeding. *Id.* at 5 ¶ 38. Vedros's complaint also does not seek reinstatement as a possible remedy. *See id.* at 8–9.

[30] Vedros attempts to distinguish *Gilbert* on the ground that the plaintiff voluntarily retired whereas, here, Vedros was involuntarily terminated. R. Doc. No. 14, at 10. Vedros does not cite any caselaw supporting her position that the manner in which a plaintiff departs from her employment affects whether she has standing to seek injunctive relief.

[31] *See* R. Doc. No. 1.

Vedros's alleged injury also does not present an exception to Article III standing. The "class of controversies capable of repetition, yet evading review" exception that Vedros refers to in her motion is an exception to the operation of the mootness doctrine, *not* Article III standing.[32]  *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Avala does not argue that Vedros's request for injunctive relief is moot because she has stopped breastfeeding. Rather, it argues that she does not have Article III standing to seek such a remedy because she does not intend to return to work for Avala and, therefore, she does not allege a real and immediate threat that she will again suffer similar injury at the hands of Avala in the future.[33]  *See In re Stewart*, 647 F.3d at 556–57.

Accordingly, Vedros's request for injunctive relief must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[34]

---

[32] R. Doc. No. 14, at 10–11.

[33] *See* R. Doc. No. 18, at 5.

[34] Vedros also contends that Avala's motion is premature, and the Court should only decide what remedies are appropriate after trial. R. Doc. No. 14, at 9–10 (citing *Roy v. City of Monroe*, No. 16-1018, 2018 WL 4120013, at *9 (W.D. La. Aug. 29, 2018), *aff'd,* 950 F.3d 245 (5th Cir. 2020) (holding, after a bench trial, that the plaintiff was not entitled to a permanent injunction because he failed to demonstrate that there was more than a mere possibility of a recurrent or continuing violation of law)). Fifth Circuit precedent is clear that the Court may dismiss a request for injunctive relief based upon a Rule 12(b)(1) motion. *See, e.g.*, *Gilbert*, 751 F.3d at 313.

As the Court dismisses Vedros's request for injunctive relief pursuant to Rule 12(b)(1), it need not consider Avala's alternative argument that Vedros's request for injunctive relief with respect to her FLSA claim must be dismissed pursuant to Rule 12(b)(6).

### B.

Avala next argues that Vedros's third cause of action must be dismissed pursuant to Rule 12(b)(6).[35] Vedros's third cause of action alleges that Avala violated FLSA section 207(r) and, as a result of this violation, Vedros is entitled to lost wages and liquidated damages, as well as compensation for "severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering."[36]

Section 207(r) of FLSA requires employers to provide "a reasonable break time for an employee to express breastmilk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk," in "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public[.]" 29 U.S.C. § 207(r)(1).[37] An employer is not required to compensate an employee receiving reasonable break time to express breastmilk for any work time spent for that purpose. § 207(r)(2). Any employer who violates the provisions of section 207 "shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Reasonable attorneys' fees and costs may also be available pursuant to section 216(b). *Id*.

---

[35] R. Doc. No. 1, at 7 ¶ 52; R. Doc. No. 7-1, at 6–10.
[36] R. Doc. No. 1, at 7–8 ¶¶ 53–54.
[37] Avala does not dispute that it employs more than fifty people and is subject to section 207(r). *See* 29 U.S.C. § 207(r)(3).

11

*i.*

Avala argues that Vedros's third cause of action must be dismissed because her complaint fails to seek the only remedies available to her under section 216(b) for a violation of section 207(r)—unpaid minimum wages or unpaid overtime compensation, plus an additional amount of liquidated damages.[38] Accordingly, Avala reasons, because the complaint fails to allege that Vedros worked hours for which she was not compensated, that she was paid below minimum wage, or that she was not paid overtime compensation, no remedy is available to her.[39]

Vedros contends that she has alleged lost wages compensable under section 216(b) resulting from Avala's purported violation of section 207(r), because she requested to work shifts at Avala following her maternity leave, and she would have worked those shifts had Avala provided her with an accommodation and not terminated her.[40]

Vedros also argues that section 207(r) is privately enforceable through section 215(a)(3) of the FLSA.[41] Section 215(a)(3) provides, in pertinent part, that an employer may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]" 29 U.S.C. § 215(a)(3).

---

[38] R. Doc. No. 7-1, at 7–8.
[39] *Id.*
[40] R. Doc. No. 14, at 6–7. Vedros argues at length as to why section 207(r) is privately enforceable. *Id.* at 6. Avala does not dispute this assertion. R. Doc. No. 18, at 6–7. Rather, it argues that 207(r) is privately enforceable, but only in limited circumstances inapplicable to the instant matter. *Id.*
[41] R. Doc. No. 14, at 7.

An employer who violates the provisions of section 215(a)(3) "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Vedros argues that because damages for emotional distress, such as those alleged with respect to her third cause of action, are recoverable under section 216(b) for a violation of section 215(a)(3), she has "alleged facts from which a reasonable jury could conclude that she raised a complaint of mistreatment under [s]ection 207(r) and, as a result, was denied shifts and ultimately terminated."[42]

### *ii.*

Vedros fails to allege a plausible claim for relief under section 207(r). Vedros claims lost wages for the shifts she allegedly would have worked had she not been terminated due to Avala's unwillingness to accommodate her breastfeeding schedule. Assuming these allegations are true, her lost wages do not constitute "unpaid minimum wages" or "unpaid overtime compensation," the only forms of compensable relief available for a violation of section 207(r). *See* 29 U.S.C § 216(b); *Barbosa v. Boiler House LLC*, No. 17-340, 2018 WL 8545855, at *6 (W.D. Tex. Feb. 23, 2018) (finding that any wages the plaintiff lost as a result of her forced resignation due to her employer's failure to provide her with a private room to express breastmilk did not constitute unpaid minimum wages or unpaid overtime compensation under

---

[42] R. Doc. No. 14, at 8.

13

section 216(b)); *Mayer v. Prof'l Ambulance, LLC*, 211 F. Supp. 3d 408, 414–15 (D.R.I. 2016) (finding that any wages the plaintiff was not paid for hours that she was scheduled to but did not work due to her employer's refusal to comply with section 207(r) were not recoverable because they did not constitute unpaid minimum wages or unpaid overtime compensation under section 216(b)).

Vedros argues that such a conclusion is contrary to the FLSA's "remedial and humanitarian" purpose, because it means that plaintiffs have a right, but no remedy, in situations such as this one, where an employer does not deny an employee minimum wages or overtime compensation, but rather terminates her or forces her to resign.[43] This "enforcement paradox" has been recognized by both district courts and the Department of Labor. *See, e.g., Hicks v. City of Tuscaloosa*, No. 13-02063, 2015 WL 6123209, at *28 (N.D. Ala. Oct. 19, 2015) (finding that because no alternative right to damages beyond minimum wages or overtime pay is provided for plaintiffs asserting their rights under section 207(r)(1), "[section] 216(b) renders [section] 207(r)(1) virtually useless in almost all practical application"); *Lico v. TD Bank*, No. 14-4729, 2015 WL 3467159, at *3 (E.D.N.Y. June 1, 2015) ("[R]ecovery under the statute is limited to lost wages, but an employer is not required to compensate nursing mothers for lactation breaks. As a result, it will often be the case that a violation of [section] 207(r) will not be enforceable, because it does not cause lost wages.");[44] *see also* Department of Labor, Reasonable Break Time

---

[43] R. Doc. No. 14, at 5.
[44] Vedros relies on *Lico,* which denied the defendant's motion to dismiss and held that the wages the plaintiff lost for time spent traveling home during the workday to

14

for Nursing Mothers, 75 Fed. Reg. 80073-01 (December 21, 2010) ("Because employers are not required to compensate employees for break time to express breastmilk, in most circumstances there will not be any unpaid minimum wage or overtime compensation associated with the failure to provide such breaks."). In concert with other district courts that have considered the issue, this Court finds that it is bound by the language of the statute and Vedros's claim for lost wages is not compensable under section 207(r).

Vedros's argument that section 207(r) is privately enforceable through section 215(a)(3) is similarly unavailing. Avala agrees that section 215(a)(3) is privately enforceable, and broad relief, including damages for emotional distress, is available to plaintiffs under that section.[45] However, Vedros's third cause of action only alleges a claim for relief pursuant to section 207(r)—it is her fourth cause of action, which is not at issue in the instant motion, that alleges retaliation in violation of, among other statutes, 29 U.S.C. § 215(a)(3).[46] Furthermore, Vedros cites no authority for her assertion that remedies available under section 215(a)(3) are the same remedies available under section 207(r). Quite the opposite, section 216(b) expressly provides distinct remedies for each section. *See* 29 U.S.C. § 216(b).

---

express breastmilk, due to the defendant's failure to provide her with a proper place to do so, were compensable under section 207(r). 2015 WL 3467159, at *3; *see* R. Doc. No. 14, at 6. Unlike the plaintiff in *Lico*, Vedros does not allege that she lost wages for time spent during shifts traveling to a proper location to express breastmilk. Rather, Vedros argues that she was never given the opportunity to return to work because of Avala's refusal to comply with section 207(r).
[45] R. Doc. No. 18, at 10.
[46] *See* R. Doc. No. 1, at 8 ¶¶ 55–60.

Therefore, Vedros's third cause of action must be dismissed pursuant to Rule 12(b)(6).

### IV.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED**. The plaintiff's prayer for injunctive or equitable relief as provided by law is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's third cause of action pursuant to the FLSA is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 12, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**